SUSAN J. EAMES, complainant, vs. ROBERT D. GRAY.

*Bastardy process—objection to settlement of. Deed—consideration of.*

The objection, in writing, to a settlement or discharge of a complaint in bastardy authorized by R. S., c. 97, § 8, is seasonably made, if made at the trial of the respondent on the complaint.

It is competent for the complainant in a bastardy process to testify that her "home" is in M., with a view of showing the liability of that town for the support of her child.

A seal implies that the instrument upon which it is placed was given for some consideration, but does not estop the parties to show the actual consideration.

ON EXCEPTIONS.

COMPLAINT under the Bastardy Act.

Proceedings were instituted before the magistrate, April 19th, 1871, and the respondent furnished the requisite bond for his appearance at the September term of court following.

On the 27th day of September, 1872, the overseers of the poor of the town of Madison, filed with the clerk of the courts a written objection to any settlement between the parties to the complaint, and to the admissibility in evidence of any such settlement to bar or affect the complaint. The case was tried at the December term, 1872. The respondent offered in evidence the following release, omitting the attestation.

" APRIL 20, 1871.

For a valuable consideration to me paid by Robert D. Gray, I

do hereby release to the said Gray all suits, promises, covenants, and demands which I have or can have against him.

                                        SUSAN J. EAMES.   [Seal.]

The respondent also offered a written request to the magistrate to give up the bond, and a written order to A. H. Ware, Esq., counsel for the complainant, "not to proceed any further in the matter and deliver to the bearer all the papers in the same" which he had in his possession.   These papers were signed by the complainant and dated April 20, 1871.

The complainant offered the objection of the overseers of the poor referred to above.   The complainant was allowed, subject to objection, to testify that her "home" was in Madison, and her counsel asked her what consideration she received for the release set forth above.   The question was objected to and admitted by the court with the remark that the seal implied some consideration, but that the actual consideration might be shown.

The court ruled *pro forma* that the objection of the overseers of the poor having been filed, the release and discharge was invalid and constituted no defence.

A verdict of guilty was taken by consent, and the respondent excepted to the ruling and admissions of testimony as shown above.

*Hiram Knowlton,* for respondent, in support of the exceptions.

*A. H. Ware,* for complainant, *contra.*

DICKERSON J.   The case calls for a construction of R. S. of 1871, c. 97, § 8, which is as follows: "No woman whose accusation and examination on oath have been taken by a justice of the peace at her request, shall make a settlement with the father, or give him any discharge to bar or affect such complaint, if objected to in writing by the overseers of the poor of the town interested in her support or the child's."

By § 9 of the same statute, such town may prosecute the complaint in behalf of the complainant.   Section 7 requires that in addition to the bond given to the mother to perform the order of

court, the respondent, when found guilty, shall give a bond, with sufficient sureties, to the town liable for the maintenance of the child.

The object of these several provisions is to save the town, liable for the support of the child, harmless, as far as may be, by giving it a remedy against the putative father. The clause of § 8 under consideration should receive a construction in harmony with this purpose.

The statute is silent as to the time when the objection is to be made. In many cases it would be impracticable to make the objection before the settlement had been effected, or the discharge given, as that might be done before the overseers of the poor of the town interested in the question had any knowledge of the pendency of the complaint, or if they had such knowledge, before they had an opportunity to present their objection to the proper party. The fact of settlement or discharge is one peculiarly within the knowledge of the parties to it, who may choose to keep it secret. Indeed such knowledge may not be disclosed till the instrument itself is offered in evidence by the respondent on trial of the complaint. To hold, therefore, that the objection to a discharge or settlement should be made in advance of the making thereof, or at any time before the trial of the complaint, would be to render this section of the statute a nullity in a large class of cases.

Besides, a settlement or discharge whenever executed can only be available to the respondent when it is offered in evidence, by him, as a bar to the complaint; nor can an objection in writing made to such settlement or discharge by the proper officers, either before or after it was effected, or given, avail to prevent the complaint from being barred thereby, unless evidence of such objection is submitted at the trial. The objection, though ever so often before made, will be unavailing unless it is made at the trial; it will, moreover, be equally effectual if made then alone, as though it had been before made and then also. The statute requires that the objection shall be made to the settlement or discharge to prevent it be-

ing a bar to the complaint, and when the objection in writing is made at the only time when it can be available for that purpose, it is seasonably made in the purview of the statute.

This construction of the statute is in harmony with the statute of 1821 and the revision of 1841 upon this subject which severally provided that the complainant should not be allowed to make any settlement with the respondent, or give any discharge " which should be given in evidence on trial of the complaint " to bar the same, if objected to in writing by the overseers of the poor, etc. etc.    The words included within the quotation marks were omitted in the revisions of 1857 and 1871, as surplusage, it being apparent that any settlement or discharge thus effected and objected to, being made inoperative by the statute, would not be competent evidence on trial of the complaint for the purposes specified.

The *pro forma* ruling of the justice presiding being in accordance with this construction of the statute is sustained.    The other rulings, also, were unobjectionable.              *Exceptions overruled.*

APPLETON, C. J.; CUTTING, DANFORTH, VIRGIN, and PETERS, JJ., concurred.